■ In the Matter of MAURRELL ENGLISH, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Determination unanimously annulled, with costs, and matter remitted to respondent for a new hearing in accordance with the following Memorandum: Although the suspension of petitioner's operator's license recites that it was made "after a hearing on 1-25-68", the findings of the Referee upon which it is based contain evidence not adduced thereat but given on December 7, 1967, when a police officer testified. Petitioner was not present at that hearing because he went to the courthouse where he supposed the hearing would be held instead of the State Office Building where the Referee was presiding. At 11:45 A.M. of that day he informed the Referee, by telephone, of his mistake and the Referee thereupon scheduled another hearing for January 25, 1968. When petitioner attended the resched-

uled hearing the police officer was not present and petitioner was not informed of the officer's previous testimony. His license could not lawfully be taken away except by due process (*Matter of Wignall* v. *Fletcher,* 303 N. Y. 435) which required that he be confronted by the witness who testified against him and be afforded an opportunity to cross-examine him (*Matter of Kafka* v. *Fletcher,* 272 App. Div. 364). The hearing afforded petitioner failed to meet these minimal constitutional requirements (cf. *Matter of Hecht* v. *Monaghan,* 307 N. Y. 461, 470). (Review of determination revoking operator's license, transferred by order of Onondaga Special Term.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.